RONALD WILCOX, Bar No. 176601
2160 The Alameda, First Floor, Suite F
San Jose, CA 95126
Tel: 408-296-0400
Fax: 408-296-0486

Counsel for the Plaintiff

# U.S. DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| Patricka Amos,<br><br>    Plaintiff,<br><br>    v.<br><br>Capital Accounts, LLC,<br><br>    Defendants. | Case No.: 05-03412 JW RS<br><br>NOTICE OF MOTION AND MOTION TO COMPEL WRITTEN DISCOVERY RESPONSES, OR PRECLUDE FURTHER EVIDENCE<br><br>Date: April 19, 2006<br>Time: 9:30 a.m.<br>HON R. SEEBORG<br>U.S. DISTRICT COURT<br>280 S. 1st St.<br>San Jose, CA 95110 |

Please take notice that plaintiff's Motion will be heard on Wednesday, April 19, at 9:30 a.m., or as soon thereafter as the matter can be heard in Judge Seeborg's courtroom located at 280 South First Street, San Jose, CA. Said motion will be based upon the herein moving papers and accompanying declaration, and any other records in the court file.

**I. Discovery Principles**

Plaintiff is entitled to discovery as to "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case [including] a

NOTICE OF MOTION AND MOTION TO COMPEL WRITTEN DISCOVERY
1

variety of fact-oriented issues [which] may arise during litigation that are not related to the merits." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

It is the defendant's burden to persuade the Court that the information it has refused to provide is outside the broad scope of discovery. *Compagnie Francaise D'Assurance v. Phillips Petroleum*, 105 F.R.D. 16 (S.D.N.Y. 1984); *White v. Beloginis*, 53 F.R.D. 480 (S.D.N.Y. 1971); Elgin FCU v. Carter, Fitzgerald Securities, 91 F.R.D. 414 (N.D. Ga. 1981); *US v. 58.16 Acres of Land*, 66 F.R.D. 570 (1975). Boilerplate objections are ineffectual: Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982); *Obiajulu v. City of Rochester*, 166 F.R.D. 293, 295 (W.D.N.Y. 1966) (boilerplate objections inconsistent with federal rules); *Burus v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 593/-/94 (W.D.N.Y. 1966) (blanket objections are insufficient).

The court may not consider the merits of the action in ruling on discovery disputes. *Garland v. Torres*, 259 F.2d 545, 550/-/51 (2d Cir. 1958). See also *V.D. Anderson Co. v. Helena Cotton Oil Co.*, 117 F. Supp. 932, 945 n.9 (E.D. Ark. 1953) ("[I]t is no objection to an interrogatory that it relates to a defense or claim which is insufficient in law. It is not ordinarily the function of the court in passing upon objections to interrogatories to decide ultimate questions") and cases cited therein.

Denying a party discovery as to issues in the case prejudices the plaintiff's ability to prosecute. *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 445 (2d Cir. 1980); *Matter of Rassi*, 701 F.2d 627, 631 (7th Cir. 1983); *Coughlin v. Lee,* 946 F.2d 1152, 1159 (5th Cir. 1991) (abuse to fail to adhere to the liberal spirit of the rules).

**II. ARGUMENT**

Simply put, defendant's herein have completely failed to respond to Requests for Production of Documents that were served in December 2005. Attached to **Exhibit 1**. Plaintiff

NOTICE OF MOTION AND MOTION TO COMPEL WRITTEN DISCOVERY

2

has made repeated requests for such production, and defendants have failed to comply. Thus, plaintiff is now forced to bring this motion to compel defendant's compliance with the Federal Rules of Civil Procedure. Since defendant has not even served any written objections to the Requests for Production of Documents, or made any diligent attempt to cure such defect, defendant has waived all objections. *Burlington Northern v. Kapsner*, 408 F.3d 1142, 1149 (9th Cir. 2005). Defendant has made repeated assurances that documents would be produced. However, as of March 14, 2006, when Plaintiff called to meet and confer on the hearing date for the herein motion, Plaintiff was informed that defendant had still not produced any documents to its counsel. Defendants should be ordered to produce all documents within 7 days, or in the alternative the Court should issue an Order precluding Defendant from any attempt to later introduce such evidence.

Unfortunately, forcing plaintiff's counsel to incur additional time and attorney's fees has become a common tactic of unscrupulous debt collectors. *Grinzi et al. v. Barnes*, 2004 U.S. Dist. LEXIS 20979 (N.D. Cal. 2004), *Grinzi, et al. v. Barnes*, 2005 U.S. Dist. LEXIS 33094 (N.D. Cal. 2005). Therefore, Plaintiff may file a separate motion for sanctions in response to defendant's obstructionist tactics. F.R.C.P 37 and N.D. Cal. LR 37.

Date: 3/15/06

Respectfully,

/s/Ronald Wilcox

Ronald Wilcox

NOTICE OF MOTION AND MOTION TO COMPEL WRITTEN DISCOVERY
3